# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OSHKOSH STORAGE COMPANY,

        Plaintiff,

v.                                                                                                   Case No. 13-C-1246

KRAZE TRUCKING LLC,

        Defendant.

## ORDER

On July 17, 2014, the Court entered its Order granting summary judgment in favor of the Plaintiff and denying the defendant's motion for summary judgment. Judgment was entered the same day. On August 14, 2014, defendant filed its First Motion for Reconsideration. Having considered the arguments offered by defendant, the motion is denied.

For the most part, the defendant's arguments were addressed by the Court in its original decision. Defendant does contend, however, that "it is undisputed that the seal was broken on the Oshkosh Premises by Branden Daniels ("Daniels") the Kraze driver." ECF 38-1 at 1. In fact, it is undisputed that Daniels claimed that he broke the seal on the Oshkosh premises. Oshkosh could not verify the fact that that is when the seal was broken and therefore checked with its customer as to whether it should accept the load. The customer advised Oshkosh that it would not accept the load, since it could not verify when the seal had been broken.

It is precisely for this reason that the rule requiring that the Oshkosh personnel break the seal was created. Given the dangers of food contamination, food processing companies have apparently

enacted rules that strictly circumscribe the circumstances under which sealed loads can be unsealed. The Court's decision simply recognizes this industry practice.

As a result of Kraze's violation of the policy, Oshkosh did not accept the load and Kraze's insurer later sold the shipment for a reduced amount of money. The damages or loss resulting therefrom clearly were caused by Kraze's conduct, for which it remains liable under the Carmack Amendment. The Court has already explained why it's decision in *Land O'Lakes v. Superior Service Transp. of Wis., Inc.*, 500 F. Supp. 2d 1150 (E.D. Wis. 2007), is not controlling. The Court declines to address the same issue again. Accordingly, and for the reasons set forth, the motion for reconsideration is denied.

**SO ORDERED** this   27th   day of August, 2014.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court